## Weinstein v. Geller et al.

*Judgment—Entering—Residence of plaintiff—Acts of Feb. 24, 1806, and March 31, 1915.*

1. Where a certificate showing the exact address of the judgment creditor in a judgment about to be entered is produced to the prothonotary and subsequently filed as of the same term and number as the judgment, there is a proper compliance with the Act of March 31, 1915, P. L. 39.

2. Where a judgment is entered by the prothonotary at the request of the plaintiff's attorney, no statement or declaration is required under the Act of Feb. 24, 1806, 4 Sm. Laws, 278.

Rule to strike off judgment and set aside *fi. fa.* C. P. No. 5, Phila. Co., June T., 1927, No. 15122.

*A. A. Feldman,* for rule; *S. Melnick,* contra.

MARTIN, P. J., Jan. 5, 1928.—Judgment was entered on a note by the prothonotary under authority of the power conferred by the 28th section of the Act of Feb. 24, 1806, P. L. 278.

There was an endorsement upon the back of the note—"I hereby certify that the precise residence address of the judgment creditor is 4th and Reed Streets. S. Melnick."

Defendants moved to strike off the judgment because the certificate of residence endorsed on the note is not in accordance with the requirements of the Act of March 31, 1915, P. L. 39, which provides that: "The prothonotary of each county is hereby directed not to enter any judgment unless the judgment creditor or his duly authorized attorney or agent produces to the prothonotary a certificate signed by the judgment creditor or by his duly authorized attorney or agent, setting forth the precise residence address of the said creditor. The certificate shall be filed as of the same number and term as the judgment."

Subsequently to entering of the judgment there was filed of record by counsel for plaintiff a certificate in the following form: "I, Samuel Melnick, attorney for Pincus Weinstein, the judgment creditor in the above captioned matter, do hereby certify that the precise residence address of Pincus Weinstein, the said judgment creditor, is the northwest corner of 4th and Reed Streets, in the City and County of Philadelphia and State of Pennsylvania.".

Plaintiff's counsel stated to the court that this certificate was produced to the prothonotary at the time the judgment was entered, and his statement has not been contradicted.

If the certificate showing the exact address of the plaintiff was produced and subsequently filed as of the same term and number, there was a compliance with the requirements of the Act of 1915, and the prothonotary was authorized to enter the judgment.

Under authority vested in him by the Act of 1806, the prothonotary was empowered to enter judgment without the intervention of an attorney. This judgment was entered by him at the request of plaintiff's attorney.

As that method of obtaining judgment was selected, instead of employing an attorney to enter an appearance for the defendant, no statement or declaration was required. There was compliance with Rule No. 144 of the Courts

of Common Pleas. A statement of the cause of action signed and sworn to by the attorney for the plaintiff, filed at the time of entering the judgment.

No irregularity appears on the record of the judgment. The rule to strike it off must be discharged.

And now, to wit, Jan. 5, 1928, the rule to strike off the judgment in the foregoing case is discharged.